IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINAL L. JOHNSON, | ) | Case No.  1:17cv0780 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| KIMBERLY CLIPPER, WARDEN, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.    Introduction

Petitioner Reginal L. Johnson filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v. Johnson*, Case No. 13CR086507.  ECF Doc. No. 1.  Respondent Warden, Kimberly Clipper,[1] filed a motion to dismiss.  ECF Doc. No. 7.  And Johnson filed a reply/response.  ECF Doc. No. 8.

The matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Johnson's petition or other case-dispositive motions.[2]  Because Johnson failed to exhaust the first ground of his petition, I recommend that it be dismissed as unexhausted.  I further recommend that the court permit

---

[1]  Kimberly Clipper is Warden of the Lorain Correctional Institution in Grafton, Ohio, where Johnson is incarcerated.  ECF Doc. No. 7 at Page ID# 30.
[2]  This matter was referred initially to Magistrate Judge Greg A. White; upon his retirement it was referred to me.

Johnson to file an amended petition asserting only unexhausted claims within thirty days and that, if he fails to do so, his petition be dismissed in its entirety.

## II.     Procedural History

### A.     State Conviction

On February 13, 2013, a Lorain County grand jury issued an indictment charging Johnson with two counts of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code §§ 2923.32(A)(1) and (3); four counts of drug trafficking in violation of Ohio Rev. Code §§2925.03(A)(1) and (2); one count of drug possession in violation of Ohio Rev. Code §2925.11(A); one count of possessing criminal tools in violation of Ohio Rev. Code §2923.24(A); one count of permitting drug abuse in violation of Ohio Rev. Code §2925.13(B); and one count of drug paraphernalia in violation of Ohio Rev. Code §2925.14(C)(1).  ECF Doc. No. 7-1 at Page ID# 47-51.

Johnson withdrew his original not guilty plea and pleaded guilty after reaching a plea agreement with the state.  He pleaded guilty to the indictment and provided information to law enforcement for a different criminal case in exchange for an agreed recommended prison sentence of 15 years.

On June 2, 2014, the court sentenced Johnson to an aggregate 15 year prison sentence: 11 years each on counts 1, 4, and 6; 4 years each on counts 3 and 5; 11 months each on counts 8 and 9; and 1 month on count 10.  Counts 3 and 5 were to be served concurrently to each other but consecutive to the concurrent sentences imposed on counts 1, 4, 6, 8, 9 and 10.  Counts 2 and 7 were merged because they were allied offenses.  ECF Doc. 7-1 at Ex. 6, Page ID# 59-64.  The court also ordered forfeiture of real and personal property. ECF Doc. 7-1 at Ex. 6, Page ID# 65-67.

2

On June 26, 2014, Johnson moved to amend and withdraw his guilty plea.  ECF Doc. 7-1 at Ex. 8, Page ID# 70.  Johnson argued that he had been deprived of counsel of choice because his first lawyer withdrew upon learning that he had represented a confidential informant who was involved with some of the charges.  The court denied Johnson's motion to amend and withdraw. ECF Doc. 7-1 at Ex. 9 &10, Page ID# 78, 79.

### B.  Direct Appeal

Johnson, represented by counsel, filed an appeal in the Ohio Court of Appeals. ECF Doc. 7-1 at Ex. 11, Page ID# 80.  Johnson asserted two assignments of error:

> Assignment of Error I:  The Court erred when it told Appellant that he was possibly eligible for judicial release during the plea portion of the proceedings. The result was that Appellant's plea of guilty was not intelligently, knowingly, or voluntarily entered.

> Assignment of Error II:  The State abused its prosecutorial discretion in Appellant's case.  The result of this abuse of discretion was to render the trial court unable to conduct a fair proceeding.  The result was the inability of the Appellant to have effective assistance of counsel.

ECF Doc. 7-1 at Ex. 18, Page ID# 97.  On May 4, 2016, the court of appeals affirmed the judgment of the trial court.  *State v. Johnson,* 2016-Ohio-2762, 2011 Ohio App. LEXIS 1635 (9th Dist.); ECF Doc. 7-1 at Ex. 20, Page ID# 170.

Johnson did not continue to pursue his direct appeal in the Ohio Supreme Court. However, it appears that he attempted to do so.  He attaches to his petition a notice of appeal received by the Ohio Supreme Court on February 13, 2017.  The Ohio Supreme Court clerk returned filing to Mr. Johnson because it did not comply with the Rules of Practice of the Supreme Court of Ohio.  However, the Supreme Court's correspondence to Johnson stated, "If the case involves a felony and time for filing an appeal has passed, it is still permissible to file a delayed appeal.  This is done by submitting a notice of appeal listing the date of the court of

appeals' judgment being appealed and that the case involves a felony, a motion for delayed

appeal, and an affidavit of indigence meeting the court's requirements." ECF Doc. 1-2 at Page

ID# 17.

**C.      Application to Reopen Appeal**

On October 31, 2016, Johnson also filed a *pro se* application to reopen his direct appeal

in the Ohio Court of Appeals pursuant to Ohio App. Rule 26(B)[3]. ECF Doc. 7-1 at Ex. 25, Page

ID# 198.  Johnson argued that his appellate counsel was ineffective in failing to address the

following issues:

> First Assignment of Error:  Because there is no evidence in this case as to the
> weight of actual cocaine involved, the trial court erred in treating the entire weight
> of the cocaine mixture as pure cocaine consisting of 100 grams or more; and
> thereby convicting and sentencing appellant under two Major Drug Offender
> Specifications. []  And as such, direct appeal counsel was constitutionally
> ineffective in his failure to address this substantial constitutional violation on
> appeal under: (1) abuse of discretion, and (2) ineffective assistance of trial
> counsel.

> Second Assignment of Error:  The trial court failed to make the statutory
> findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences
> [] – *as clearly apparent by the complete absence of said analysis in the record - -*
> and accordingly, Mr. Johnson's sentence is contrary to law and must be vacated.
> Wherefore even in the context of a jointly recommended consecutive sentence, a
> trial court is required to make the statutory findings; where there was no
> consecutive sentences discussed as part of the plea negotiations.

ECF Doc. 7-1 at Ex. 25, Page ID# 198.

---

[3] Johnson had earlier attempted to reopen his appeal, but had mistakenly filed his motion to reopen in his
separate *pro se* forfeiture appeal, in which no appellate counsel had been involved.  The court of appeals
dismissed that Rule 26(B) application because Johnson was not permitted to raise ineffective assistance of
appellate counsel arguments regarding a *pro se* appeal. ECF Doc. 7-1 at Ex. 22, Page ID # 192.  Johnson
then re-filed his Rule 26(B) application to re-open appeal in the correct appellate case. ECF Doc. 7-1 at
Ex. 25, Page ID# 198.

On December 28, 2016, the court of appeals found that Johnson had established good cause for the delayed filing, but denied the application to reopen on the merits.  ECF Doc. 7-1 at Ex. 27, Page ID# 218-220.

On February 13, 2017, Johnson filed a motion to receive a copy of the court of appeals' December 28, 2016 journal entry. ECF Doc. 7-1 at Ex. 28, Page ID# 221.  On February 27, 2017, the court of appeals ordered that the clerk forward a copy of the December 28, 2016 journal entry to Johnson. ECF Doc. 7-1 at Ex. 29, Page ID# 223.

### D.  Post-Conviction Relief Petitions

On February 17, 2015, Johnson filed a *pro se* petition to vacate or set aside judgment of conviction or sentence. ECF Doc. 7-1 at Ex. 30, Page ID# 224.  In this filing, Johnson represented that he was unable to support his petition with evidence and requested that he be permitted to amend his petition at a later date.  On March 2, 2015, the trial court denied Johnson's petition. ECF Doc.7-1 at Ex. 31, Page ID# 229.  Johnson did not appeal.

Over a year later, on May 25, 2016, Johnson filed a second petition for post-conviction relief. ECF Doc. 7-1 at Ex. 32, Page ID# 230.  Johnson asserted the following claim:

> Petitioner was denied his right to effective assistance of trial counsel where counsel, during the criminal proceedings, refused to question the actual weight of the cocaine seized; by failing to request that the prosecution: (1) to remove the cocaine from it wrapped container; (2) have the cocaine mixture dried; and (3) then have the mixture separated from the pure cocaine; so that the proper weight of the pure cocaine could be obtained; as Petitioner had requested of trial counsel prior to being induced to change his plea from not guilty to guilty.

> And as a result Petitioner suffered prejudice because the trial court then *improperly* convicted and sentenced appellant based on the total weight of the narcotics rather than the weight of the pure amount of cocaine.  Whereas the total weight of all the cocaine in which Petitioner stands convicted of ***combined,*** minus the mixtures of cut, did not equal/exceed a hundred (100) grams of pure cocaine.

> And as such, the trial court then sentenced Petitioner: (1) to a higher degree of felony that he is actually guilty of; i.e. under a prison sentence for a unwarranted

MDO specification.  Unwarranted because the actual weigh of the ***pure*** cocaine does not qualify him for a MDO specification.

ECF Doc. 7-1 at Ex. 32, Page ID# 234-235.  The trial court denied Johnson's *pro se* petition on

May 31, 2016. ECF Doc. 7-1 at Ex. 33, Page ID# 252.

Johnson filed a notice of appeal on June 29, 2016. ECF Doc. 7-1 at Ex. 35, Page ID# 254.

However, he later voluntarily moved to dismiss his appeal because he did not have enough time

to prepare his brief. ECF Doc. 7-1 at Ex. 36, Page ID# 263.  The court of appeals dismissed the

appeal on December 5, 2016. ECF Doc. 7-1 at Ex. 37, Page ID# 266.

## III.  Federal Habeas Corpus Petition

On April 11, 2017, Johnson filed a *pro se* petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Johnson asserts the following grounds for relief:

**GROUND ONE:**  The trial court, in response to petitioner's inquiry, erred when it informed petitioner that he was possibly eligible for judicial release during the plea portion of the proceedings; where petitioner later learned that he was ineligible for judicial release:  which also meant that petitioner was not eligible for earned days credit or early release on either transitional control program or under the 80% mechanism.  Thus, rendering petitioner's guilty plea not intelligently, knowingly, or voluntarily entered; in violation of his right to Due Process under the Ohio and United States Constitutions.  Petitioner would not have entered a guilty plea had it not been for the trial court's (and trial attorney's) erroneously [sic] declaration about judicial release eligibility.

**Supporting Facts:**  Petitioner was prejudiced by this; because he would have not agreed to change his plea from not guilty to guilty had he been made aware that *any part* of his proposed sentence would have rendered him ineligible for early release: i.e. earned days credit, transitional control, the 80% mechanism, as well as judicial release.  Thus, making his guilty plea *not* knowingly, voluntarily, or intelligently entered.

**GROUND TWO:**  Because there is no evidence in this case as to the weight of actual cocaine involved, the trial court erred in treating the entire weight of the cocaine mixture as pure cocaine, consisting of 100 grams or more; and thereby convicting and sentencing appellant under Two Major drug Offender Specifications.  And as such, direct appeal counsel was constitutionally ineffective in his failure to address this substantial constitutional violation on appeal under: (1) abuse of discretion, and (2) ineffective assistance of trial

6

counsel.  Thereby denying Petitioner his rights of due process and equal
protection of law; under the Ohio and United States Constitution.

**Supporting facts:**  It was always Petitioner's position, as clearly revealed to trial
counsel, that of the alleged cocaine mixture attributed to him, totaling 462 grams;
only 92.4 grams (20%) was actual cocaine: whereas 80% of said consisted of
equal parts powered caffeine and lidocaine.

ECF Doc. 1.

## IV.    Law and Analysis

### A.    Exhaustion

AEDPA requires state prisoners to exhaust all possible state remedies, or have no

remaining state remedies, before a federal court can review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982).  This entails giving

the state courts "one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999).  In other words, "the highest court in the state in which the petitioner was

convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims."

*Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The exhaustion requirement, however,

"refers only to remedies still available at the time of the federal petition."  *Engle v. Isaac*, 456

U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy where such a pursuit is

clearly futile."  *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Respondent argues that Johnson did not exhaust Ground One because he did not appeal

the May 4, 2016 Ohio Court of Appeals decision.  S. Ct. Prac. R. 7.01(A)(1)(a)(1) provides that

an appellant must file a notice of appeal within 45 days from the entry of the judgment being

appealed.  Thus, Johnson had until on or about June 20, 2016 to perfect a jurisdictional appeal.

Respondent argues that Johnson has not exhausted the claim in Ground One because he still has

the remedy of a delayed appeal to the Ohio Supreme Court pursuant to S. Ct. Prac. R. 7.01(A)(4).

Case law from both Ohio federal districts supports respondent's argument. *Dunford v. Tibbals,* 2013 U.S. Dist. LEXIS 151783 at*29-30 (N.D. Ohio, Sept. 30, 2013)(federal habeas claims are not exhausted where a petitioner may yet file a motion for delayed appeal in the Supreme Court of Ohio and therefore has a potential remaining state avenue of relief); *Williams v. Bobby*, 2007 U.S. Dist. LEXIS 53853, *7 (N.D. Ohio, July 25, 2007), unpublished (third and fourth grounds for relief not exhausted because petitioner still had remedy of motion for delayed appeal to Supreme Court); *Hennis v. Warden,* 2011 U.S. Dist. LEXIS 20046, (S.D. Ohio Feb. 8, 2011); *Moore v. Erwin*, 2005 U.S. Dist. LEXIS 9024, (S.D. Ohio Apr.18, 2005),  unpublished ("'[r]equiring petitioner to pursue a delayed appeal in the state courts prior to filing a federal habeas corpus petition would not be futile and will serve the interests of federal-state comity by giving the Ohio appellate courts the opportunity to address petitioner's claims on the merits."); *Raver v. Brunsman,* 2007 U.S. Dist. LEXIS 66344 (S.D. Ohio Sept.7, 2007), unpublished (petitioner not excused from exhausting claims before Ohio Supreme Court simply because that court may be unlikely to grant his motion for delayed appeal); contra, *Mills v. Hudson*, 2009 U.S. Dist. LEXIS 64246 (N.D. Ohio July 22, 2009) (finding that, since petitioner has no right to raise his actual claims in the motion for delayed appeal but must first petition the court for permission to raise the claims, it is not an "available" remedy under 28 U.S.C. § 2254(c), which states that a state remedy is "available" if petitioner has the right under state law to "raise ... the question presented").  Despite the logical reasoning in *Mills*, the balance of holdings from this district dictates that a habeas claim has not been exhausted if a petitioner did not file a delayed appeal in the state's highest court.

Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).  Because Johnson arguably has a remedy (delayed appeal) in state court, his Ground One claim is unexhausted. 28 U.S.C. § 2254(c); See *Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005).

### B.       Stay or Dismissal of Ground One

Because Johnson did not exhaust Ground One, his habeas petition is "mixed" in that it contains exhausted and unexhausted claims.[4]  See *Rhines v. Weber*, 544 U.S. 269, 271, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice, *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), or, under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies, *Rhines*, 544 U.S. at 277.  Respondent argues that the mixed petition should be dismissed in its entirety.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose,* 455 U.S. at 522.  In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose,* the Supreme Court ruled that district courts may stay and hold in abeyance federal habeas petitions in limited circumstances in order to allow petitioners to pursue remedies for unexhausted claims in state court.  *Rhines,* 544 U.S. at 275.

---

[4] Respondent acknowledges that petitioner exhausted Ground Two of his petition by raising this issue in an application to reopen appeal pursuant to Ohio App. Rule 26(B).  That claim is exhausted because there is no provision under the Rules of Practice of the Supreme Court of Ohio, Rule 2.2(A)(4)(a) for delayed appeals of Rule 26(b) claims.  See *Walter v. Bunting,* 2013 U.S. Dist. LEXIS 132658 at *3 (N.D. Ohio, Sept. 17, 2013).

Without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines,* 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.* For these reasons, the Supreme Court emphasized that stay and abeyance should be available rarely. In *Rhines*, the Court identified three criteria for determining whether to stay a habeas case: (1) the district court must determine that there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims must not be plainly meritless; and (3) there can be no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Johnson has not attempted to show good cause for his failure to exhaust his claim to the Ohio Supreme Court. Johnson did attempt a delayed appeal in that court. ECF Doc. 1-2, Page ID# 16. The Ohio Supreme Court rejected the attempted appeal and explained why in correspondence to Johnson. ECF Doc. 1-2, Page ID# 17. Johnson has not explained why he did not attempt to follow these instructions and meet the requirements for a delayed filing with the highest state court. Indeed, it appears that Johnson accepts responsibility for failing to exhaust Ground One. ECF Doc. 8, Page ID# 333.

Even if Johnson *could* show that there is good cause for his failure to exhaust his claim in Ground One, the unexhausted claim appears to be meritless. The court of appeals found that it lacked merit:

> {¶3}   Mr. Johnson argues that the trial court improperly conducted his plea colloquy because it suggested that he might eventually be eligible for

10

judicial release on offenses that carried mandatory prison terms. He notes that, in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, the Ohio Supreme Court explained that, to ensure that a defendant wishing to plead guilty does so knowingly, intelligently, and voluntarily, the information that a trial court conveys during a Criminal Rule 11 plea colloquy "must be accurate." *Id*. at ¶ 39. According to Mr. Johnson, because the trial court mistakenly told him about judicial release, it made his plea unintelligent and involuntary. Mr. Johnson also argues that the trial court failed to correct the erroneous information that it initially told him about judicial release. *See id*. Mr. Johnson has not argued that the trial court failed to comply with Criminal Rule 11 or that, but for the trial court's explanation, he would not have entered his plea.

{¶4}   As in Clark, in addition to complying with Criminal Rule 11, the trial court provided Mr. Johnson with an additional explanation of his sentence, which the Supreme Court has approved, so long as that explanation is accurate.  The trial court did not tell Mr. Johnson that he might be eligible for judicial release on mandatory prison terms. Rather, it explained to him that, "depending on your prison term, the length of it and the timing involved, conceivably you might be eligible at some point for judicial release." Its statement was accurate.  Contrary to Mr. Johnson's assertion, not all of the offenses to which he pleaded guilty required mandatory prison terms. Thus, it was possible for the court to craft a sentence which would eventually allow Mr. Johnson to be eligible for judicial release. The court was not bound by the parties' sentencing agreement. See *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1, ¶ 28, 922 N.E.2d 923.

{¶5}   Because the trial court did not misstate Mr. Johnson's eligibility for judicial release during the plea colloquy, and he has not challenged any other aspect of the colloquy or argued that he was prejudiced, we conclude that Mr. Johnson has failed to demonstrate that his plea was not knowing, intelligent, and voluntary. Mr. Johnson's first assignment of error is overruled.

There is no indication that Johnson has engaged in intentionally dilatory litigation tactics in this case.  Nonetheless, he has failed to show good cause for his failure to exhaust the claim asserted in Ground One and it does not appear that the claim will prevail on its merits.  For these reasons, a stay is not warranted, and I recommend that the Court dismiss Johnson's first ground as unexhausted.

### C.  Recommendation for Ground Two of Johnson's Petition

When a stay is inappropriate in a mixed petition case and the petition would otherwise have to be dismissed in its entirety, a federal district court should give the petitioner an opportunity to file an amended petition that excludes the unexhausted claims.  See *Rhines*, 544 U.S. at 278 ("if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."); *see also, Kinstle v. Bunting,* 2015 U.S. Dist. LEXIS, 146916 at *55-56 (N.D. Ohio, March 30, 2015). Respondent Warden has not argued that Johnson failed to exhaust his Ground Two claim.  I recommend that the court permit Johnson to file an amended petition omitting the unexhausted claim within thirty days.  If Johnson fails to comply, I recommend that the court dismiss his petition in its entirety.

### V.    Conclusion

Because Johnson failed to exhaust his Ground One claim, I recommend that it be dismissed as unexhausted.  I also recommend that the court permit Johnson to file an amended petition within thirty days but, if he fails to do so, I recommend that his petition be dismissed in its entirety.

Dated: September 5, 2017

Thomas M. Parker
United States Magistrate Judge

12

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).