IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINAL L. JOHNSON, | ) | Case No.  1:17cv0780 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| KIMBERLY CLIPPER, WARDEN, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.      Introduction

Petitioner Reginal L. Johnson filed a *pro se* petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v.*

*Johnson*, Case No. 13CR086507. [1]  ECF Doc. No. 1.  Respondent Warden, Kimberly Clipper,[2]

filed a motion to dismiss.  ECF Doc. No. 7.  And Johnson filed a reply/response.  ECF Doc. No.

8.  On November 21, 2017, the Court issued a memorandum of opinion and order dismissing

Ground One of Johnson's petition as unexhausted and/or granting his motion to amend so as to

remove Ground One.  ECF Doc. 12.  Thus, only Ground Two of Johnson's petition remains

pending.  *Id.*

---

[1]  The matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for
preparation of a report and recommendation on Johnson's petition or other case-dispositive motions.  This
matter was referred initially to Magistrate Judge Greg A. White; upon his retirement it was referred to me.
[2]  Kimberly Clipper is Warden of the Lorain Correctional Institution in Grafton, Ohio, where Johnson is
incarcerated.  ECF Doc. No. 7 at Page ID# 30.
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A654221 (Last visited February 19,
2019)

Following the dismissal of Ground One, Warden Clipper filed nothing further concerning Ground Two.  However, Johnson filed a Traverse in support of Ground Two (ECF Doc. 11).  Because Ground Two is probably procedurally defaulted, lacks merit and presents only a noncognizable claim, I recommend that Ground Two be DISMISSED.

## II.     Procedural History

### A.     State Conviction

On February 13, 2013, a Lorain County grand jury issued an indictment charging Johnson with two counts of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code §§ 2923.32(A)(1) and (3); four counts of drug trafficking in violation of Ohio Rev. Code §§2925.03(A)(1) and (2); one count of drug possession in violation of Ohio Rev. Code §2925.11(A); one count of possessing criminal tools in violation of Ohio Rev. Code §2923.24(A); one count of permitting drug abuse in violation of Ohio Rev. Code §2925.13(B); and one count of drug paraphernalia in violation of Ohio Rev. Code §2925.14(C)(1).  ECF Doc. No. 7-1 at Page ID# 47-51.

Johnson pleaded guilty to the indictment after reaching a plea agreement with the state.  As a part of the plea agreement, Johnson was required to provide information to law enforcement on a different criminal case in exchange for an agreed recommended prison sentence of 15 years.  ECF Doc. 7-3 at Page ID# 301-302.

On June 2, 2014, the court sentenced Johnson to serve an aggregate 15-year prison sentence: 11-year terms on counts 1, 4, and 6; 4-year terms on counts 3 and 5; 11-month terms on counts 8 and 9; and a 1-month term on count 10.  Counts 3 and 5 were ordered to be served concurrently to each other but consecutively to the concurrent sentences imposed on counts 1, 4, 6, 8, 9 and 10.  Counts 2 and 7 were merged as allied offenses.  ECF Doc. 7-1 at Ex. 6, Page ID#

59-64.  The court also ordered forfeiture of real and personal property. ECF Doc. 7-1 at Ex. 6,

Page ID# 65-67.

On June 26, 2014, Johnson moved to amend and withdraw his guilty plea.  ECF Doc. 7-1

at Ex. 8, Page ID# 70.  Johnson argued that he had been deprived of counsel of choice because

his first lawyer withdrew upon learning that he had represented a confidential informant who was

involved with some of the charges.  The court denied Johnson's motion to amend and withdraw.

ECF Doc. 7-1 at Ex. 9 &10, Page ID# 78, 79.

### B.      Direct Appeal

Johnson, represented by new counsel, filed an appeal in the Ohio Court of Appeals. ECF

Doc. 7-1 at Ex. 11, Page ID# 80.  Johnson's brief asserted two assignments of error:

> Assignment of Error I:  The Court erred when it told Appellant that he was
> possibly eligible for judicial release during the plea portion of the proceedings.
> The result was that Appellant's plea of guilty was not intelligently, knowingly, or
> voluntarily entered.
>
> Assignment of Error II:  The State abused its prosecutorial discretion in
> Appellant's case.  The result of this abuse of discretion was to render the trial
> court unable to conduct a fair proceeding.  The result was the inability of the
> Appellant to have effective assistance of counsel.

ECF Doc. 7-1 at Ex. 18, Page ID# 97.  On May 4, 2016, the court of appeals affirmed the

judgment of the trial court.  *State v. Johnson,* 2016-Ohio-2762, 2011 Ohio App. LEXIS 1635

(9th Dist.); ECF Doc. 7-1 at Ex. 20, Page ID# 170.  Johnson did not appeal to the Ohio Supreme

Court.

### C.      Application to Reopen Direct Appeal

On October 31, 2016, Johnson also filed a *pro se* Rule 26(B) application to reopen his

direct appeal in the Ohio Court of Appeals[3].  ECF Doc. 7-1 at Ex. 25, Page ID# 198.  In this

---

[3] Johnson had earlier attempted to reopen his appeal, but had mistakenly filed his motion to reopen in his
separate *pro se* forfeiture appeal, in which no appellate counsel had been involved.  The court of appeals

filing, Johnson asserted ineffective assistance of appellate counsel, the argument he now asserts

in his Ground Two claim.  He argued that his appellate counsel was ineffective for failing to

address the following issues:

> **First Assignment of Error:**  Because there is no evidence in this case as to the
> weight of actual cocaine involved, the trial court erred in treating the entire weight
> of the cocaine mixture as pure cocaine consisting of 100 grams or more; and
> thereby convicting and sentencing appellant under two Major Drug Offender
> Specifications. []  And as such, direct appeal counsel was constitutionally
> ineffective in his failure to address this substantial constitutional violation on
> appeal under: (1) abuse of discretion, and (2) ineffective assistance of trial
> counsel.
>
> **Second Assignment of Error:**  The trial court failed to make the statutory
> findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences
> [] – *as clearly apparent by the complete absence of said analysis in the record* - -
> and accordingly, Mr. Johnson's sentence is contrary to law and must be vacated.
> Wherefore even in the context of a jointly recommended consecutive sentence, a
> trial court is required to make the statutory findings; where there was no
> consecutive sentences discussed as part of the plea negotiations.

ECF Doc. 7-1 at Ex. 25, Page ID# 198.

On December 28, 2016, the court of appeals found that Johnson had established good

cause for the delayed filing, but denied the application to reopen on the merits.  ECF Doc. 7-1 at

Ex. 27, Page ID# 218-220.  The court held:

> By pleading guilty to the offenses and specifications, Mr. Johnson waived his
> right to appeal any nonjurisdictional issues.  *State v. Quarterman,* 9th Dist.
> Summit No. 26400, 2013-Ohio-3606, ¶ 4.  Although a guilty plea does not waive
> the right to argue that ineffective assistance of counsel caused a plea to be
> involuntary, Mr. Johnson has not argued that his plea was not knowing, intelligent
> or voluntary.  We, therefore, conclude that appellate counsel was not ineffective
> for failing to raise Mr. Johnson's drug-quantity based ineffective assistance
> argument on appeal.

ECF Doc. 7-1 at Ex. 27, Page ID# 219-220.

---

dismissed that Rule 26(B) application because Johnson was not permitted to raise ineffective assistance of
appellate counsel arguments regarding a *pro se* appeal. ECF Doc. 7-1 at Ex. 22, Page ID # 192.  Johnson
then re-filed his Rule 26(B) application to re-open appeal in the correct appellate case. ECF Doc. 7-1 at
Ex. 25, Page ID# 198.

On February 13, 2017, Johnson filed a motion to receive a copy of the court of appeals' December 28, 2016 journal entry. ECF Doc. 7-1 at Ex. 28, Page ID# 221.  On February 27, 2017, the court of appeals ordered that the clerk forward a copy of the December 28, 2016 journal entry to Johnson. ECF Doc. 7-1 at Ex. 29, Page ID# 223.

Also, on February 13, 2017, Johnson filed a memorandum in support of jurisdiction and a notice of appeal with the Ohio Supreme Court.[4]  ECF Doc. 8-1 at Page ID# 356-357.  On February 14, 2017, a deputy clerk for the Ohio Supreme Court sent a letter to Johnson stating that his filings had not been accepted because he had not included a copy of the court of appeals' decision with them.  ECF Doc. 8-1 at Page ID# 351.  It does not appear that Johnson ever attempted to re-file his Ohio Supreme Court appeal.  ECF Doc. 1 at Page ID# 8.

### D.      Post-Conviction Relief Petitions

On February 17, 2015, Johnson filed a *pro se* petition to vacate or set aside judgment of conviction or sentence. ECF Doc. 7-1 at Ex. 30, Page ID# 224.  Johnson's petition represented that he was unable to support his arguments with evidence and requested that he be permitted to amend his petition at a later date.  On March 2, 2015, the trial court denied Johnson's petition. ECF Doc.7-1 at Ex. 31, Page ID# 229.  Johnson did not appeal.

Over a year later, on May 25, 2016, Johnson filed a second petition for post-conviction relief.  ECF Doc. 7-1 at Ex. 32, Page ID# 230.  Johnson asserted the following claim:

> Petitioner was denied his right to effective assistance of trial counsel where counsel, during the criminal proceedings, refused to question the actual weight of the cocaine seized; by failing to request that the prosecution: (1) to remove the

---

[4] Because Johnson raised this issue in his reply (ECF Doc. 8) to the warden's motion to dismiss Ground One, the court previously indicated that Johnson had attempted to appeal Ground One (his direct appeal) to the Ohio Supreme Court.  ECF Doc. 9.  However, the issue that Johnson actually attempted to appeal to the Ohio Supreme Court is the same as that raised in Ground Two of his habeas petition.  He failed to exhaust Ground One – by not even attempting to file an appeal with the Ohio Supreme Court.  Johnson's attempted appeal to the Ohio Supreme Court shown in ECF Doc. 8 related to Ground Two, not Ground One.

> cocaine from it wrapped container; (2) have the cocaine mixture dried; and (3)
> then have the mixture separated from the pure cocaine; so that the proper weight
> of the pure cocaine could be obtained; as Petitioner had requested of trial counsel
> prior to being induced to change his plea from not guilty to guilty.
>
> And as a result Petitioner suffered prejudice because the trial court then
> *improperly* convicted and sentenced appellant based on the total weight of the
> narcotics rather than the weight of the pure amount of cocaine. Whereas the total
> weight of all the cocaine in which Petitioner stands convicted of **combined,** minus
> the mixtures of cut, did not equal/exceed a hundred (100) grams of pure cocaine.
>
> And as such, the trial court then sentenced Petitioner: (1) to a higher degree of
> felony that he is actually guilty of; i.e. under a prison sentence for a unwarranted
> MDO specification. Unwarranted because the actual weigh of the **pure** cocaine
> does not qualify him for a MDO specification.

ECF Doc. 7-1 at Ex. 32, Page ID# 234-235. The trial court denied Johnson's *pro se* petition on

May 31, 2016. ECF Doc. 7-1 at Ex. 33, Page ID# 252.

Johnson filed a notice of appeal on June 29, 2016. ECF Doc. 7-1 at Ex. 35, Page ID#

254. However, he later voluntarily moved to dismiss his appeal because he did not have enough

time to prepare his brief. ECF Doc. 7-1 at Ex. 36, Page ID# 263. The court of appeals dismissed

the appeal on December 5, 2016. ECF Doc. 7-1 at Ex. 37, Page ID# 266.

## III. Federal Habeas Corpus Petition

On April 11, 2017, Johnson filed a *pro se* petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254. Johnson asserted two grounds for relief. As discussed above, his first ground

for relief was dismissed on November 21, 2017. ECF Doc. 12. Johnson's remaining Ground

Two claim asserts:

> **GROUND TWO:** Because there is no evidence in this case as to the weight of
> actual cocaine involved, the trial court erred in treating the entire weight of the
> cocaine mixture as pure cocaine, consisting of 100 grams or more; and thereby
> convicting and sentencing appellant under Two Major drug Offender
> Specifications. And as such, direct appeal counsel was constitutionally
> ineffective in his failure to address this substantial constitutional violation on
> appeal under: (1) abuse of discretion, and (2) ineffective assistance of trial

counsel.  Thereby denying Petitioner his rights of due process and equal protection of law; under the Ohio and United States Constitution.

**Supporting facts:**  It was always Petitioner's position, as clearly revealed to trial counsel, that of the alleged cocaine mixture attributed to him, totaling 462 grams; only 92.4 grams (20%) was actual cocaine: whereas 80% of said consisted of equal parts powdered caffeine and lidocaine.

ECF Doc. 1.

## IV.    Law and Analysis

### A.       Exhaustion and Procedural Default

It appears that Ground Two of Johnson's petition is unexhausted and/or procedurally defaulted because he failed to appeal the state court of appeals' December 28, 2016 decision to the Ohio Supreme Court.  Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982).  This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy [when] such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Here, Johnson attempted to appeal the state court of appeals' decision on his application to reopen his direct appeal.  ECF Doc. 8-1.  However, the Ohio Supreme Court rejected his

filings because he did not attach a copy of the court of appeals decision.  ECF Doc. 8-1 at Page ID# 351.  The deputy clerk explained to Johnson that he could still attempt to file a delayed appeal, but Johnson did not do so.  Arguably, Ground Two is unexhausted.

Ground Two may also be procedurally defaulted.  Procedural default is a related but "distinct" concept from exhaustion.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available.  *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806.  In determining procedural default, the federal court again looks to the last explained state-court judgment.  *Ylst*, 501 U.S. at 805; *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court and pursuing that claim through the state's "ordinary appellate review procedures," if, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim.  *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").  Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims.  *Williams*, 460 F.3d at 806 ("[When] state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not

8

exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

The Ohio Supreme Court rejected Johnson's attempted appeal of the court of appeals' December 28, 2016 decision because he did not attach a copy of the decision. ECF Doc. 8-1 at Page ID# 351. In rejecting his filings, the Ohio Supreme Court enforced Rule 7.02 of the Rules of Practice of the Ohio Supreme Court. *Id.* Thus, if Johnson has lost the chance to present his claim to the Ohio Supreme Court on a motion for a delayed appeal, he was prevented from doing so by the enforcement of an independent and adequate state procedural rule.

A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Here, Johnson could argue that he was prevented from filing an appeal with the Ohio Supreme Court because he had not received a copy of the court of appeals' decision by the time he appealed to the supreme court. Rather than fully considering whether Ground Two is

procedurally defaulted, I conclude it would be more appropriate to proceed to a consideration of the merits of this claim. Federal courts considering habeas petitions are not required to resolve a procedural default issue before deciding the merits. *Hudson v. Jones,* 351 F.3d 212, 215 (6th Cir. 2003); *Bales v. Bell,* 788 F.3d 568, 573 (6th Cir. 2015).

**B.    Merits Review**

**1.    AEDPA Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Johnson's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). AEDPA, which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000)). AEDPA "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id*.

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d). That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue.  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis original).  A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision.  *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  It includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).  And a state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent.  *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). This requirement mirrors the "presumption of correctness" AEDPA affords state court factual determinations, which only can be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt*, 134 S. Ct. at 15 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

The Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state court adjudications of federal claims. The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted). Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." *Id*. at 103.  This is a very high standard, which the Court readily acknowledges: "If this standard is difficult to meet, that is because it is meant to be." *Id*. at 102.

### 2.    Ineffective Assistance of Counsel

To prevail on his ineffective assistance claim, Johnson must show that the state court's conclusion was contrary to or unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  *Strickland* established the well-known two-pronged test for ineffective assistance of counsel claims: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id*. at 687.  Johnson cannot satisfy either *Strickland* prong.

The proper standard for attorney performance is "reasonably effective assistance." *Id*. To succeed, Johnson must demonstrate that his attorney's "representation fell below an objective standard of reasonableness." *Id.* at 688.  The prejudice prong requires demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Furthermore, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689.

The *Strickland* test also applies to ineffective appellate counsel arguments. *Smith v. Robbins,* 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).  To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the appellate claims that counsel failed to raise. *Henness v. Bagley,* 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker,* 515 F.3d 682, 707 (6th Cir. 2008).  Counsel's failure to raise an issue on

appeal amounts to ineffective assistance of counsel only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes,* 463 U.S. 745, 751-752 (1983); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir. 2009); *Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Johnson argues that his appellate counsel was ineffective for failing to argue that Johnson's constitutional rights were violated by the lack of evidence of the actual amount of cocaine involved in the charged offense and/or trial counsel's failure to assert this argument. Johnson's argument is based on *State v. Gonzales,* 150 Ohio St.3d 261 (2016)(*Gonzalez I*). In *Gonzales I,* the Ohio Supreme Court considered a certified question involving a conflict among the courts of appeal. The Court held that Ohio's drug statute was unambiguous and that, in prosecuting cocaine-possession offenses involving mixed substances, the state was required to prove the weight of the actual cocaine, excluding any filler materials. *Id.* at 268. However, Johnson's appellate counsel filed his brief in June 2015, long before the Ohio Supreme Court decided *Gonzales I.* It was not ineffective assistance for Johnson's appellate counsel to fail to raise an issue that had not yet been decided by the Ohio Supreme Court. Moreover, raising this issue on appeal would not have altered the outcome of Johnson's conviction because the Ohio Supreme Court later reconsidered and reversed *Gonzales* in February 2017. *State v. Gonzales,*

14

150 Ohio St.3d 276, 2017-Ohio-777 (*Gonzalez II*).  Accordingly, the argument that Johnson claims should have been raised on appeal ultimately failed in Ohio's courts.  He was not prejudiced by appellate counsel's failure to raise it.

There is another significant reason why the failure to raise this argument on appeal did not amount to ineffective assistance of appellate counsel – Johnson pleaded guilty to the indictment.  "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'"  *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted).  This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself."  *Werth v. Bell*, 692 F.3d 486 (6th Cir. 2012).  "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'"  *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).  The validity of the plea must be determined from the "totality of the circumstances."  *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady*, 397 U.S. 747).

Ground One of Johnson's petition challenged the validity of his plea.  However, Johnson moved to amend his petition to remove Ground One, and the court granted that motion on November 21, 2017.  ECF Doc. 12.  Thus, there is no longer any pending challenge to the

validity of Johnson's plea.  Ground Two involves only the trial court's determination of the drug offense and appellate counsel's failure to raise this issue on appeal.

Moreover, even if Johnson were challenging the validity of his plea in this petition, "the state generally satisfies its burden [to show that the plea was voluntary and intelligently entered] by producing a transcript of the state court proceeding."  *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993).  "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L. Ed. 2d 136 (1977).  The state court's factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent.  *Garcia,* 991 F.2d at 326-327; see U.S.C. § 2254 (e)(1).  Under *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), and *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989), the petitioner must overcome a heavy burden if a federal habeas court is to overturn a state court finding that he made a knowing and voluntary plea.

Here, respondent filed the transcript of the plea hearing and it shows that the trial court concluded Johnson voluntarily and intelligently entered into a plea agreement with the state which required him to plead guilty to the indictment and to cooperate with the state in another criminal case in exchange for a reduced sentence.  ECF Doc. 7-3 at Page ID# 301-302.  Because he pleaded guilty to the charges in the indictment, on appeal he could only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself.   Raising the argument established in *Gonzalez I* but later reversed in *Gonzales II* would have made no difference in Johnson's appeal, and his counsel was not ineffective for failing to do so.

The state court of appeals considered the argument raised in Ground Two of Johnson's petition and held that Johnson's appellate counsel was not ineffective for failing to raise

Johnson's drug-quantity based argument on appeal because Johnson had pleaded guilty and waived this argument. ECF Doc. 7-1 at Ex. 27, Page ID# 219-220. This last explained state-court judgment was neither contrary to *Strickland* nor an unreasonable determination of the facts. Thus, it is entitled to deference under 28 U.S.C. § 2254(d).

If we give the Ohio Court of Appeals decision the deference to which it is entitled under AEDPA, this court is powerless to grant Johnson relief on Ground Two even if we had found merit in Ground Two – something we cannot find on the record presented.

### C. Non-Cognizable Claim

To the extent Johnson's Ground Two claim only challenges the state's interpretation of its drug offense laws, it presents a claim that is noncognizable on habeas review. As explained above, Ground Two relies on *Gonzales I*, which was later reconsidered and reversed in *Gonzales II*. Johnson's complaint about the Ohio courts' interpretation of Ohio law cannot be considered in a federal habeas petition.

Claims alleging only violations of state law are not cognizable upon federal habeas review and must be dismissed on that basis unless a fundamental violation of petitioner's due process rights has occurred. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (Citation omitted)).

Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  Even if the state court made errors in the application of state law, no cognizable issue arises unless there has been a denial of fundamental fairness.  *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017).

State court rulings on issues of state law may "rise to the level of due process violations [if] they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  They must be "so egregious that [they] result in a denial of fundamental fairness."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Fundamental fairness under the Due Process Clause is compromised where "the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define 'the community's sense of fair play and decency.'"  *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations omitted).  Courts, therefore, '"have defined the category of infractions that violate 'fundamental fairness' very narrowly.'"  *Id.* (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)).

A habeas petitioner must do more than simply assert that a claim arises under a federal constitutional provision.  To be cognizable in federal a habeas corpus proceeding, the petitioner must demonstrate that there were constitutional errors committed by the state court that were material to the outcome of the case, and that resulted in a denial of fundamental fairness to the petitioner.  *Jameson v. Wainwright*, 719 F.2d 1125, 1126 (11th Cir. 1983), cert. denied, 466 U.S.

975 (1984); *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983).  To say that a petitioner's claim is not cognizable on habeas review is another way of saying that the claim "presents no federal issue at all."  *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991).

Other than his ineffective assistance of appellate counsel claim, Johnson's Ground Two claim states no federal issue at all.  He argues that he pleaded guilty to an offense alleging a greater amount of cocaine than he could have properly been charged with because it involved a mixed substance.  His argument lacks any support under state law.  But, even if it that weren't true, it implicates no federal issue.  His sole ground is noncognizable on habeas review.  Thus, I further recommend that the Court note in its dismissal that the claim is noncognizable.

## V.       Recommendation Regarding Certificate of Appealability

### A.       Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.""'  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Ground Two of Johnson's petition is likely unexhausted and/or procedurally barred. Further, it lacks merit and the state court of appeals held that Johnson had waived his ineffective assistance argument by pleading guilty to the indictment. Johnson fails to show an unreasonable application of federal law or any unreasonable determination of facts. Habeas relief is not available for the issues identified in Ground Two of Johnson's petition. This would not be debatable among jurists of reason, and I recommend that no certificate of appealability issue in this case.

### VI.    Conclusion

Because Ground Two of Johnson's petition is probably procedurally defaulted, meritless and noncognizable, I recommend that the Court DISMISS the claim and DENY Johnson's

petition under 28 U.S.C. § 2254.  I further recommend that he not be granted a certificate of appealability.

Dated: February 20, 2019

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).