PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REGINAL L. JOHNSON, | ) |
| | ) CASE NO. 1:17CV780 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| WARDEN KIMBERLY CLIPPER, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |

*Pro Se* Petitioner Reginal L. Johnson, an Ohio prisoner at the Lorain Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two grounds for relief which challenge the constitutional sufficiency of his convictions and sentences in Lorain County, Ohio Court of Common Pleas Case No. 13CR086507.[1] The case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge issued a Report recommending that the Court dismiss Ground One of the petition as unexhausted and permit Johnson to file an amended petition omitting the unexhausted claim within 30 days. ECF No. 9. The Court adopted the Report and Recommendation, dismissing Ground One and allowing Ground Two to persist. ECF No. 12.

---

[1] Johnson was indicted and charged with engaging in a pattern of corrupt activity, possession of and trafficking in illegal drugs, permitting drug abuse, and possession of criminal tools. He pleaded guilty to the indictment, and he was sentenced to serve 15 years in prison. ECF No. 1 at PageID#: 1-2.

(1:17CV780)

The magistrate judge issued another Report and Recommendation to the effect that Johnson's petition should be dismissed because his remaining claim was likely procedurally defaulted, and, in any event, meritless and noncognizable. ECF No. 13 at PageID#: 409. The magistrate judge also recommended that the Court decline to grant a certificate of appealability. *Id.* at PageID#: 410.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on March 6, 2019.[2] Neither party has filed any such objections. Any further review would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Reginal L. Johnson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 will be dismissed. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| March 19, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Petitioner was served a copy of the Report by mail. See *Thompson v. Chandler*, 36 F. App'x. 783, 784 (6th Cir. 2002).